[COMMON LAW.]

## PAGE's Administrators v. THE BANK OF ALEXANDRIA.

A bill, or note, is *prima facie* evidence, under a count for money had and received, against the drawer or endorser.

But the presumption, that the contents of the bill or note have been received by the party sued, and for the use of the plaintiff, may be rebutted by circumstances; and a recovery cannot be had, in such a case, where it is proved that the money was actually received by another party.

ERROR to the Circuit Court of the District of Columbia, for the county of Alexandria. This was an action of *assumpsit*, brought by the defendants in error, the Bank of Alexandria, against the plaintiffs in error, the administrators of William Byrd Page, deceased. The declaration contained two counts. The first was on a promissory note, which was set forth, as made by William Hodgson, and payable *on demand* to the intestate, Page, who endorsed it to the Bank of Alexandria, where it was discounted, and the money paid to Hodgson. In support of this count, a note was given in evidence, drawn by Hodgson, in favour of, and endorsed by Page, payable *fifty-four days* after date.

The other counts were for money lent and advanced by the plaintiffs below to the intestate, Page, and for money had and received by him for their use. Evidence was also given to show, that the Bank had

1822.

Page's Administrators
v.
The Bank of Alexandria.

used due diligence in demanding payment of the maker, and in giving notice of non-payment to the endorser; and that Page, in his life time, frequently promised the Bank payment of the note, after it became due. Judgment was given for the plaintiffs below, on a demurrer to the evidence, and the cause was brought to this Court by writ of error.

*Feb. 8th.*

This cause was argued by Mr. *Swann,* and Mr. *Lee,*[a] for the plaintiffs in error, and by Mr. *Taylor,*[b] for the defendants in error.

*Feb. 14th.*

Mr. Justice LIVINGSTON delivered the opinion of the Court, and after stating the case, proceeded as follows:

Whether due diligence were used by the holder of the note, is immaterial now to inquire, as this Court is of the opinion, that a note payable any number of days after date, could not be applied to a count describing it as one payable on demand.

The only remaining question is, whether this note were sufficient proof of the count for money lent and advanced, and for money had and received. There are certainly cases in which a promissory note or an endorsement of such note, may be offered in

a They cited Sheehy v. Mandeville, 7 *Cranch,* 209. 1 *H. Bl.* 602. French's Adm. v. the Bank of Alex., 4 *Cranch,* 141. 2 *H. Bl.* 609. Macky v. Davis, 2 *Wash. Rep.* 219. Goodhall v. Stewart, 2 *Hen. & Munf.* 105.

b He cited Tatlock v. Harris, 3 *T. R.* 174. 3 *Burr.* 1516. 2 *Wash. Rep.* 233. 265. 6 *Munf.* 392. 5 *Cranch,* 144. 5 *Cranch,* 49. 1 *Cranch,* 290.

evidence, against the maker or endorser, under a count of this nature, and if unconnected with other circumstances, may be sufficient proof, in itself, to charge the defendant. This proceeds on the ground, that such note warrants a fair presumption or inference, that the maker or endorser has received the contents of such note. But the Court is not satisfied that, in this case, the mere production of this note was sufficient proof of Page's having borrowed money of the Bank, or of his having received moneys for their use. Although a note or an endorsement be *prima facie* evidence of a receipt of money from the holders, by the maker, or endorser, yet, when all the other testimony in the cause produced by the plaintiffs themselves, shows unequivocally, that the money for which the note was made, was paid, not to the endorser, but to the maker himself, and for his sole use, the presumption arising from the mere act of indorsement is destroyed, and the party, in such case, ought not to be permitted to abandon his count on the written contract of the party, and apply it to the general money counts. It is admitted or proved, that this was a note made and endorsed for the accommodation of Hodgson, and that this fact was known to the Directors of the Bank, who received and discounted it as such, and for his sole use, and that he, and not Page, received the avails thereof. What pretence, then, is there, that this money was lent to Page, or that he received it for the use of the Bank?

There was also proof in the cause that "Page, in his lifetime, frequently promised the Bank payment of the said note, after it became due. This promise

must be regarded as applying exclusively to the note which was offered in evidence, and was payable in fifty four days after date : and if that note had been declared on, its influence on the cause would deserve serious consideration ; but it cannot be used in sup-port of the other count, for the testimony, in terms, confines this promise to payment of the n e, and says not a word of his undertaking to repay the money which the Bank had loaned to him, or which he had received for their use.

The opinion of the Court then is, that the Bank can only recover from the administrators of Page, if at all, on his endorsement ; but that, having set forth the note incorrectly, and there not being sufficient evidence to support the second count, the present action cannot be sustained. The judgment of the Circuit Court is therefore reversed ; and judgment is to be entered for the defendants below.