Balcom *v.* Woodruff.

---

SAME TERM.    *Before the same Justices.*

## BALCOM *vs.* H. W. & N. M. WOODRUFF.

A note made by two persons, and signed by one of them as "surety," is inadmissible in evidence under the common counts, in an action brought against both makers.

A promissory note is only *prima facie* evidence of money lent, or had and received, by the party sought to be charged; and therefore where it is apparent from the face of the note that no money was in fact received by such party, the note will not sustain the common counts.

The word "surety" appended to the name of one of the makers of a note is not inconsistent with the idea that money was received by the other makers; but it does repel all presumption that the *surety* received it. And therefore, as against *him*, the note furnishes no evidence of money either lent to, or received by, the party, so as to support the common counts.

The general rule is that a party who has not applied for an amendment until after he has been nonsuited, is too late to ask for a new trial, in addition to an

Balcom *v.* Woodruff.

amendment. But where a plaintiff had been nonsuited at the circuit, on the ground that his declaration contained no count adapted to the nature of the case, it appearing that the defendant had not been misled; that the cause had been once tried without any objection having been made; that the statute of limitations had attached; and that such relief would be manifestly in furtherance of justice, the court allowed the plaintiff to amend his declaration *nunc pro tunc*, and set aside the nonsuit, on the payment of costs.

THIS was an action of assumpsit, originally commenced in the court of common pleas of Jefferson county. The declaration was in the usual form, containing the common money counts, alledging a joint indebtedness of the defendants; to which was attached a copy of a note in these words:

"Watertown, 13th May, 1840.

Eighteen months from date, for value received we promise to pay P. C. Moulton or bearer, at our store, two hundred dollars and interest.          H. W. WOODRUFF.

$200.          N. M. WOODRUFF, Surety."

(Endorsed)   "Rec'd, 27 Nov. 1841, twenty-one dollars."

With a notice that such note would be given in evidence under said declaration, and was the only claim upon which the suit was commenced. The defendants interposed a plea of the general issue, accompanied by a notice of special matter. The cause was tried at the Jefferson circuit in December, 1848, before Justice ALLEN. On the trial the plaintiff proved the execution of the note, and offered the same in evidence. The defendants' counsel objected to said note being received and read in evidence, on the ground that it appeared on the face of the note that N. M. Woodruff signed it as surety, and therefore it could not be given in evidence under the plaintiff's declaration, inasmuch as that contained only the common money counts, which objection was sustained by the court, and the note excluded; to which decision the plaintiff's counsel excepted. The plaintiff's counsel then insisted upon his right to read the note in evidence and take judgment against the defendant H. W. Woodruff alone; to which the defendants' counsel objected, and the court sustained the objection; deciding that the declaration being against the defendants jointly, a joint liability or contract must be proved; that a recovery could not be had

Balcom *v.* Woodruff

against one of the defendants only ; to which decision the plaintiff's counsel excepted. There being no further evidence offered, the court directed a nonsuit to be entered, which was accordingly done; and the plaintiff moved for a new trial. He also moved for leave to amend his declaration.

*B. Bagley*, for the plaintiff.

*J. Mullin*, for the defendants.

*By the Court*, GRIDLEY, J. In this case the plaintiff was nonsuited on the trial, upon the ground that a note which constituted his only cause of action, and was signed by one of the defendants as "*surety*," was inadmissible under the common money counts. It is not denied that the case of *Butler* v. *Rawson*, (1 *Denio*, 105,) is directly in point to sustain the nonsuit; but it is said that the decision in that case has not been satisfactory to the profession, and we are asked to review it. We have heretofore had occasion to say that we disapprove of the practice of overruling a previous decision upon the very point in question simply because we happen to think differently from our predecessors. Our views upon this subject are fully expressed in the case of *The People* v. *Tredway*, (3 *Barb. Sup. Court Rep.* 474,) and we will not repeat them here. But we do not think that the doubts expressed concerning the decision in *Butler* v. *Rawson* are well founded. The decision is placed upon the principle that a promissory note is only *prima facie* evidence of money lent, or had and received, by the party sought to be charged ; and therefore, where it is apparent from the face of the note, that no money was in fact received by such party, the note will not sustain the common count. This principle can not be successfully assailed. A note is held to be admissible under the money counts, for the reason that the words "*value received*," when either expressed or implied in a promissory note, are *prima facie* or *presumptive* evidence that such value was received in money. This, however, was *presumptive* evidence *only*, and could not prevail, when the presumption was

---

*Balcom v.* Woodruff.

---

repelled by the language of the instrument itself. The word
"*surety*" appended to the name of one of the makers of a note,
is not inconsistent with the idea that money was received by
the other makers; but it does repel all presumption that the
*surety* received it, and therefore, as against *him*, the note fur-
nishes no evidence of money, either lent to or received by the
party, so as to support the common counts.

The doubts referred to have arisen from an admission by the
judge who delivered the opinion in *Butler* v. *Rawson*, that a
note which contained nothing on its face to repel the presump-
tion that it was given for money, when once given in evidence,
becomes *conclusive evidence* of a money consideration, not sub-
ject to be defeated by proof that it was given for *land* or *work*,
or any other than a pecuniary consideration. This concession
was unfortunate ; for the case of *Wells* v. *Girling*, (8 *Taunt.*
737,) cited by the judge to uphold the distinction between this
class of cases and those in which the presumption is repelled by
words on the face of the note itself, turns out, on examination,
to be a case in which the *fact* of suretiship did not appear on
the face of the note, but was established by independent proof.
In truth the note is only prima facie evidence of a *consideration
at all*. It would therefore be surprising that it should ever have
been held to be *conclusive* evidence, not only of a consideration,
but that such consideration consisted of money lent to the defend-
ant, or had and received by him for the plaintiff's use. That a
note is only prima facie evidence, under the money counts, see
*Chit. on Bills, Springf. ed. of* 1839, 595, 6 ; *cases cited by Suth-
erland, J. in* 8 *Cowen*, 83 ; 7 *Wheat.* 35. There are but two
cases opposed to this unbroken series of authorities. In *Smith* v.
*Van Loan*, (16 *Wend*. 659,) it was held that it was not competent
to show that a note was given for work and labor instead of money,
in order to defeat a recovery under the common counts. This
decision rests solely on the authority of *Hughes* v. *Wheeler*, (8
*Cowen*, 77 ;) and the decision of a majority of the court in that
case upholds the citation. But it is a remarkable fact that the
only reported opinion in that case presents a very able argu-
ment of Judge Sutherland, maintaining the exact opposite of

Balcom *v.* Woodruff.

the principle stated in the marginal note, and adopted by his brethren. After saying that a promissory note is *prima facie* evidence of money had and received by the maker for the use of the payee, the judge proceeds in this language : " But neither in England nor in this state has it ever been held that a note was *conclusive evidence* of the receipt of the plaintiff's money, but I think a contrary rule is deducible from the authorities. On this ground alone I think the judgment should be reversed." Equally clear is the language of the court in the case of *Paige's Adm'rs* v. *The Bank of Alexandria*, (7 *Wheat.* 35.) " Although a note or an indorsement be prima facie evidence of a receipt of money from the holders by the maker or indorser, yet when *all the other testimony* in the case, produced by the plaintiffs themselves, shows unequivocally that the money for which the note was made, was paid, not to the indorser but to the maker himself, for his sole use, the presumption arising from the mere act of indorsement is destroyed, and the party in such case ought not to be permitted to abandon his count on the written contract of the party and apply it to the general money counts." We think therefore that the nonsuit was rightly granted, and we have no power to set it aside on the ground of an erroneous decision of the judge at the circuit.

The next question is whether we can allow an amendment, upon the motion made for that purpose. It is manifestly in furtherance of justice to do so. The objection is technical ; and had the motion to amend been made on the trial, it would probably have been granted under section 169 of the code ; for it can hardly be supposed that the defendant had been misled. We can now allow an amendment under section 173 ; but an amendment alone, unless it be an amendment to take effect " *nunc pro tunc*," will not aid the plaintiff. To be of any avail to him he must have a new trial, in which respect the case differs from the cases cited on the argument. (*See* 6 *Hill*, 377 ; 6 *Wend.* 506 ; 7 *John.* 468.) There is, however, one case where an amendment was allowed on payment of costs, and a new trial granted, in a case situated like the one under consideration. This was done in *Holmes* v. *Seely*, (17 *Wend.* 75 ;) and

although the action was ejectment, the statutory provisions relating to that class of actions is not made the ground of the decision. In this case we may give the plaintiff the benefit of a presumption that he was taken by *surprise*, inasmuch as the case had been once tried without any such objection having been taken. On the whole, as it is shown that the statute of limitations has run against the demand, we allow the plaintiff to amend his declaration *nunc pro tunc*, setting aside the nonsuit, on the payment of the costs of the trial and those which have accrued subsequently. This relief, however, is granted under the peculiar circumstances of this case, and the case is not to be made a precedent. The general rule is that a party who has not applied for an amendment until he has been nonsuited, is too late to ask for a new trial, in addition to an amendment.

SAME TERM.  *Before the same Justices.*