## Case No. 18,299.

### GREENHOUGH v. KEYWORTH.

[2 Hayw. & H. 9.] [1]

Circuit Court, District of Columbia. June 11, 1850.

BILLS AND NOTES—ENDORSEMENT FOR COLLECTION—SUIT BY ENDORSER.

Where a note payable to the plaintiff or order was endorsed over to a bank for collection, and the bank was unable to collect it, the endorser may bring his action against the maker without regard to the endorsee for collection, and may erase the cashier's or endorser's name from the note without affecting his right to recover as against the maker.

At law. Suit on two promissory notes.

The following are the notes on which the action was based: "Washington, June 4, 1841. Sixty days after date I promise to pay to the order of B. F. Greenhough two hundred and thirty-five $81/100$ dollars, value received, payable at the Bank of the Metropolis, Washington, D. C. $235 $81/100$. Robert Keyworth. August 3 to 6." Endorsed by B. F. Greenhough: "Stanley Reed & Co. Pay J. M. Houston, cash or order. T. Duron, Cashier. Credit ac. I. Solono. J. M. Houston, Cashier." The other note was for ninety days, drawn by the same party to the plaintiff's order, for the same amount, with the same endorsers, due September 2d to 5th. The former was presented at the Metropolis Bank August 6th, and the latter September 4th. Notices of protest to each endorser were deposited in the post office, enclosed to J. M. Houston, Esq., Cashier, Philadelphia, Pa. The names of "T. Duron, Cashier," and "J. M. Houston, Cashier," were erased.

The declaration is as follows: "District of Columbia, Washington County—To Wit: Robert Keyworth, late of the county aforesaid, was attached to answer Benjamin F. Greenhough, in a plea of trespass on the case, and so forth. And whereupon the said plaintiff,

by Jos. H. Bradley, his attorney, complains that whereas, heretofore, to wit, on the 4th day of June, A. D. 1841, the said defendant made his certain note in writing, commonly called a promissory note, his own proper handwriting being thereunto subscribed, bearing date the day and year aforesaid, and thereby sixty days after the date thereof promised to pay to the plaintiff, by the name of B. F. Greenhough or order, the full and just sum of two hundred and thirty-five dollars and eighty-one cents, current money of the United States, for value received at the Bank of the Metropolis, Washington, D. C., and then and there delivered the said note to the plaintiff. And whereas, afterwards, to wit, on the 4th day of June, A. D. 1841, at the county aforesaid, the said defendant made his other promissory note, &c., ninety days after date, &c. By reason thereof, and by force of the statute in such case made and provided, the defendant became liable to, by the said sums of money, in the said notes mentioned, to the plaintiff (according to the tenor and effect of the same), and being so liable, in consideration thereof, then and there undertook and promised to pay the same to the plaintiff, according to the tenor and effect thereof, whenever afterwards he should be thereto requested. And whereas, the defendant afterwards, to wit, on the 5th day of September, 1841, at the county aforesaid, was indebted unto the plaintiff in another sum of six hundred and fifty dollars, like money, for the like sum, by the plaintiff to and for the use of the defendant before that time paid, laid out and expended, at the special instance and request of the defendant; and for other money by the plaintiff before that time lent and advanced to the defendant at his special instance and request; and for other money by the defendant before that time had and received to the use of the plaintiff, and being so indebted the defendant in consideration thereof afterwards, to wit, on the same day and year last aforesaid, at the county aforesaid, undertook and promised the plaintiff to pay him the last mentioned sum of money when afterwards he should thereunto be required. And whereas, the defendant afterwards, that is to say on the 5th day of September in the year aforesaid, at the county aforesaid, accounted with the plaintiff of and concerning divers sums of money from the said defendant to the said plaintiff before the time due owing then in arrear and unpaid, and upon such accounting the said defendant was then and there found in arrear and indebted to the said plaintiff in the further sum of six hundred dollars; and being so found in arrear and indebted, the said defendant afterwards, that is to say, on the day and year last mentioned, at the county aforesaid, in consideration thereof, undertook and then and there faithfully promised to pay to the plaintiff, when thereto afterwards required, the said last mentioned sum of money. Yet the defendant, the said several sums of money herein mentioned, or any part thereof, (although often

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

thereto requested, to wit, on the day and year last aforesaid, at the county aforesaid, and often afterwards) hath not paid, but the same or any part thereof, to pay hath hitherto wholly refused, and still doth refuse to the damage of the plaintiff in the sum of one thousand dollars, current money, and therefore be brings suit, and so forth."

Verdict for the plaintiff for the amount of the notes and interest until paid.

Motion in arrest of judgment: (1) Because the second count upon one of the notes set forth a day of indebtedness different from the day when it became due, to wit, it sets forth the 5th day of September, 1841, whereas the note to which it refers did not become due until the 7th day of September, 1841, and therefore the obligation is premature,—citing Sheehy v. Mandeville, 7 Cranch [11 U. S.] 208. (2) That the declaration does not aver any non-payment of either of the notes, but relies upon the insimul computassent on the 5th September, 1841, which was before the second note was due. (3) That the action is upon neither entirely as notes; and when the declaration does not set out the written contract correctly, the plaintiff cannot recover upon the count erroneously framed on the contract, and he cannot recover upon the money counts, because there is a written contract,—citing Page's Adm'rs v. Bank of Alexandria, 7 Wheat. [20 U. S.] 35.

Motion for a new trial, because, that the verdict was against the evidence. Action on two promissory notes, specially endorsed and stricken out.

Points reserved by the counsel for the defendant for the opinion of the court: That a special endorsement, or endorsement in full, cannot be stricken out, so as to give the endorser a right of action, unless he shows how he reacquired the note. Craig v. Brown [Case No. 3,327]; Burdick v. Green, 15 Johns. 247. A payee of a note, who has specially endorsed it, cannot recover in his own name without proof of payment to the endorser. Georgerat v. McCarty, 2 Dall. [2 U. S.] 145. Possession of a note is not evidence of ownership without a reassignment. Welch v. Lindo, 7 Cranch [11 U. S.] 159.

Jos. H. Bradley, for plaintiff.
Henry M. Morfit, for defendant.

Motion in arrest of judgment, and new trial overruled, and judgment rendered on the verdict.