[No. 5607.]
[No. 2504 C. A.]

PECK ET AL. V. PECK.

1.  Corporations—Suit by Stockholders—Parties.

In an action by stockholders of a corporation against the president of the corporation for an accounting of the moneys received and disbursed by defendant as president of the corporation, the corporation is a necessary party to the action, since any judgment rendered against defendant must be in favor of the corporation, and a judgment cannot be rendered in favor of one not a party to the action, and if the corporation refuses to prosecute such suit as plaintiff, it must be made a party defendant.

2.  Parties—Pleading—Demurrer.

The rule that a defect of parties must be taken advantage of by demurrer or answer or the defect is waived, does not apply where the party is indispensable and where the court may not proceed to a final decree or judgment without the presence of such party.

3. **Pleading—Amendment after Judgment.**

The amendment of a complaint after judgment will not be permitted where the facts which create the necessity for the amendment were as well known prior to the rendering of the judgment as after, and where the effect of the amendment would be to destroy and annul the judgment.

4. **Same—Parties.**

After a cause has been dismissed for the failure of plaintiff to make an indispensable party a party defendant, an application to amend the complaint so as to make the necessary party a defendant, comes too late where the facts which made the party necessary were known prior to the judgment of dismissal.

*Appeal from the District Court of Arapahoe County: Hon. John I. Mullins, Judge.*

Mr. E. T. WELLS and Mr. JOHN G. TAYLOR, for appellants.

Mr. WM. T. ROGERS, Mr. JOHN F. MAIL and Mr. ISAAC PELTON, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court.

This action was instituted by George Peck and a number of stockholders of The Mono Mining, Milling and Prospecting Company, against Ira F. Peck, the appellee herein. The action was brought for an accounting of the moneys alleged to have been received and disbursed by the defendant, as president of the company. The matter was referred and the referee duly made his report and findings in favor of the plaintiffs.

Upon the filing of the referee's report, the defendant filed written objections thereto and moved for a new trial. These objections, in part and in so far as it is necessary to consider them, are as follows:

1. The facts set out in the complaint are insufficient to constitute a cause of action.

6. The conclusion that The Mono Mining, Milling and Prospecting Company should have judgment for thirty-one hundred and fifty-seven dollars and twenty cents, with interest, is not supported by the evidence or findings of fact.

7. Such judgment cannot be entered against The Mono Mining, Milling and Prospecting Company, which is not a party plaintiff or defendant.

15. That the referee has no power, jurisdiction or authority to take the evidence or report the findings, judgment or decree to be entered in this case, for the reason that. The Mono Mining, Milling and Prospecting Company is not a party to the action and there is no reason alleged in the bill, or shown in the testimony, why it was not made a party.

Upon the hearing of this motion, it was, by the court, "Ordered and decreed that the findings and conclusions of the referee be set aside and that the bill of complaint of the plaintiffs be dismissed and defendant recover his costs."

Plaintiffs then moved to amend the complaint by introducing as a party therein The Mono Mining, Milling and Prospecting Company. This application was denied, and the action was brought to the court of appeals by the plaintiffs, upon appeal, and has been transferred to this court.

It is unnecessary for the court to determine whether or not the allegations of the complaint allege a sufficient reason for not making a demand upon the corporation or upon the directors to institute an action in the name of the corporation; yet, notwithstanding the fact that the action was not instituted in the name of the company, it should have been made a party defendant, for the reason that any judgment which might be rendered against the defendant must necessarily be in favor of the company. A judgment

cannot be rendered in favor of one who is not a party to the action.

In the case of *Byers v. Rollins,* 13 Colo. 22, this court says: "The corporation known as The Grand River Bridge Company, not having been made a party plaintiff or defendant, the trial court correctly decided that an accounting could not be ordered."

"Wherever a cause of action exists primarily in behalf of the corporation against directors, officers and others, for wrongful dealing with corporate property, * * * so that the remedy should regularly be obtained through a suit by and in the name of the corporation, and the corporation either actually or virtually refuses to institute or prosecute such a suit, then, in order to prevent a failure of justice, an action may be brought and maintained by a stockholder or stockholders, either individually or suing on behalf of all others similarly situated, against the wrong-doing directors, officers and other persons, but it is absolutely indispensable that the corporation should be joined as a party—usually as a codefendant. The rationale of this rule should not be misapprehended. The stockholder does not bring such a suit because his rights have been directly violated or because the cause of action is his, or because he is entitled to the relief sought; he is permitted to sue in this manner simply to set in motion the judicial machinery of the court."—3 Pomeroy's Jurisprudence, § 1095.

In such an action, the corporation must necessarily be a party defendant.—*Greaves v. Gouge,* 69 N. Y. 154; Waterman on Corporations, vol. 1, p. 467.

The rule that the corporation should be made a party seems to be as well settled as that the action may be brought by the stockholders in their own names without applying to the board of directors to

institute it in the name of the company, when such application would be useless.

The plaintiffs contend that because the defect of parties was not called to the attention of the court by demurrer, it was waived.

The general rule is that a defendant must take advantage of the defect of the parties by demurrer or answer, and if the objection is not thus raised, it is waived.—*Fitzgerald v. Burke,* 14 Colo. 559.

This rule, however, does not apply to an indispensable party, and where the court may not proceed to a decree or judgment without his presence.—*Homestead Mining Co. v. Reynolds,* 30 Colo. 330; *Allen v. Tritch,* 5 Colo. 222; *Colo. State Bank of Durango v. Davidson,* 7 Colo. App. 91.

After the court had dismissed the bill, plaintiffs moved to amend their complaint by making The Mono Mining, Milling and Prospecting Company a party. There was no cause shown why the company had not been made a party in the first instance, or why the plaintiffs had not sought to correct their bill previous to the entry of judgment. This application was, we think, properly denied by the court. While the policy of the law is that courts should be extremely liberal in the allowance of amendments to pleadings in the furtherance of justice, yet, so far as we have been able to discover, amendments after judgment are made for the purpose of supporting and maintaining, and not for the purpose of destroying, impeaching or setting aside the judgment. Counsel have called our attention to no case, and we have been unable to find one, wherein the court has permitted the plaintiffs to amend their complaint after judgment, when the effect of the amendment would be to destroy and annul the judgment of the court, where the facts which created the necessity of the amendment were as well known at the time of the commence-

ment of the action, and at all times thereafter, previous to judgment, as they were after.

After a motion for judgment upon the pleadings, or after a judgment, as of nonsuit, has been determined adversely to the plaintiff and the action dismissed, an application to amend the complaint comes too late, in the absence of a sufficient showing.—*Morgan v. King*, 27 Colo. 539; *Strousse v. Bank*, 9 Colo. App. 478; *Balcom v. Woodruff*, 7 Barb. 13; 1 Boone Code Pleading, 234.

The plaintiffs, having neglected to make the corporation a party, there was no error in dismissing the bill; neither was there any error in refusing to grant the application to amend the pleadings after judgment.                              *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.