[No. 4150.]

## NEWMAN ET AL. V. TIBBITTS.

1. PRINCIPAL AND AGENT—*Authority to Convey Lands.* Under Rev. Stat., sec. 2660, authority to convey lands can be conferred only by writing. (329.)

2. —— *Ratification,* of the acts of the agent who assumes to convey the lands of his principal, without written authority, can be effected only by writing. (329.)

A conveyance by the principal to a third person is an effectual repudiation of the act of the agent. (330.)

3. FORFEITURE—*One Assuming to Declare, Must be Able to Perform on His Own Part.* Plaintiff held the promissory note of the Newmans secured by deed of trust of lands. Default having been made in the payment of interest, an agreement was entered into extending the time therefor, and providing that if the conditions thereof were not performed by defendants, by a date specified, upon the forfeiture so resulting a warranty deed of defendants re-conveying the premises, and then deposited in escrow, should be delivered to plaintiff in full satisfaction of defendants' promissory note. Defendants failed in the performance of the conditions of this agreement, and conveyed the premises to a third party. The deed of defendants, so deposited in escrow, had been delivered to plaintiff. Plaintiff prayed confirmation of this conveyance, the annulment of the deed of defendants to the third party, and possession of the lands. It appearing that plaintiff had sold and assigned the note of defendants to a third person, it was held

that he had thereby disabled himself to perform his undertaking in respect thereto and for this, among other reasons, was not entitled to the relief prayed. (330.)

4. EVIDENCE—*Burden of Proof.* It seems that whoever assails a conveyance, as accepted with notice of the rights of another, or with notice of a fraudulent intent on the part of a grantor in such conveyance, has the burden of proving these allegations. (329.)

5. PARTIES—*Indispensable.* Where the plaintiff relies upon a contract by the terms of which the defendants are entitled to the surrender of a promissory note, then held by the plaintiff, and it appears that plaintiff has assigned the note to a third person, the assignee is an indispensable party. (330.)

6. PLEADINGS—*Construed.* The complaint relied upon an agreement, and a conveyance of lands, executed in the name of one of the defendants, by an attorney in fact. The answer denied the authority of the alleged attorney in fact, not pleading the statute of frauds. Parol evidence in denial of the authority was received below, and considered in the court of review. (329, 330.)

*Error to Garfield District Court.* HON. JOHN T. SHUMATE, Judge.

MR. E. V. HOLLAND, MR. J. W. BELL, for plaintiffs in error.

MR. EDWIN C. KINGSBURY, for defendant in error.

KING, J., delivered the opinion of the court.

In this opinion Charles H. Tibbitts, the defendant in error, will be called plaintiff, and the plaintiffs in error defendants, as in the trial court.

Action was brought by plaintiff (a) to obtain a decree validating and confirming a certain contract and warranty deed made March 10, 1913, by John W. Newman, and by Joseph W. Newman, representing himself to be attorney in fact for Edith M. Newman, and to estop her from denying the authority of said Newman to act as her attorney in fact in making the said deed and contract; (b) to set at naught and nullify a certain warranty deed made August 26, 1913, by defendants John W. and Edith M. Newman to

defendant Jacob Hess; (c) for right of possession of the premises described in said deeds, and of which the defendants were in possession; (d) for $1,000 damages, and general relief. Defendants answered, and in addition to praying for denial of plaintiff's demands, asked affirmatively for an order annulling the contract and warranty deed which plaintiff asked to have affirmed, and that the deed to Jacob Hess be confirmed.

Judgment was for plaintiff for $1 damages, and all other relief prayed for.

The evidence shows that in February, 1908, the plaintiff sold and conveyed to John W. Newman and Edith M. Newman certain parcels of land, with water rights, situate in Garfield County, and at that time took back a deed of trust to secure said defendants' note in the sum of $6,750, payable on or before ten years from that date, with interest payable annually; that prior to March 10, 1913, a part of the principal had been paid, and interest to that date, with the exception of about $300 due February 1st; that on March 10th, because of said delinquent interest, the plaintiff, the defendant John W. Newman, and the defendant Joseph W. Newman (father of John W. and Edith M.), had some negotiations which resulted in an agreement by which the time of payment of principal and interest was extended to September 1, 1913, under certain conditions in the agreement specified, and providing that if some of the options therein were not exercised and other conditions complied with by the defendants by September 1st, the contract would be null and void; that upon forfeiture a certain warranty deed of the same date, purporting to be executed by John W. Newman and Edith M. Newman, by her father as attorney in fact, reconveying the said premises to plaintiff, should be delivered to plaintiff, and upon such delivery become an absolute conveyance of the property and in full satisfaction of the deed of trust and note aforesaid, and also providing that five days' notice by registered mail should be given by

plaintiff of his intention to declare a forfeiture. The agreement and the deed were signed by John W. Newman in person, and also signed as follows: "Edith M. Newman, by Joseph W. Newman, Attorney in Fact," and the acknowledgement so taken. The agreement and deed were deposited as escrows. On or about September 1st defendant Joseph W. Newman notified the plaintiff that they were securing a loan of $5,000, with which to make the payments required, but could not make the arrangements before September 10th; whereupon plaintiff, for an additional consideration, agreed to extend the time until the abstract could be examined and approved by Mr. Darrow, an attorney. The $5,000 was deposited with Mr. Darrow, with instructions to make the loan. Upon examining the abstract, he found the escrow agreement on record, and required the plaintiff to release the same, as a prerequisite to approval of the abstract, which plaintiff refused to do. About September 3rd the plaintiff, by registered mail, notified the defendant John W. Newman that the contract had been forfeited, and on September 17th took from the escrow holder, and recorded, the agreement and deed. The evidence also shows that on or about the 8th or 9th of September plaintiff sold, assigned and delivered the note secured by deed of trust on the land to one L. F. Grace, who still holds the same; and that on or about August 26th defendants John W. and Edith M. Newman executed and delivered their warranty deed, whereby they conveyed the said land and water rights to defendant Jacob Hess, and that deed was placed on record.

The pleadings are unsatisfactory and ambiguous, and in some respects doubtful and uncertain as to issues intended to be made. The complaint and the exhibits referred to allege and show that the contract for the sale of Edith M. Newman's interest in said lands, and the deed purporting to convey such interest, were signed by Joseph W. Newman, purporting to act as her attorney in fact, and the complaint alleges that he represented himself to be her agent

and attorney, and acted as her agent, but does not allege that he was her attorney in fact. The defense does not in specific terms plead the statute of frauds, but denies that said Joseph W. Newman was the agent or attorney of Edith M. Newman, or represented himself to be her agent and attorney, and acted as her agent, but does not allege that he was her attorney in fact. The defense does not in specific terms plead the statute of frauds, but denies that said Joseph W. Newman was the agent or attorney of Edith M. Newman, or represented himself to be such, and alleges that he had no "direct authority" to execute the instruments. On trial both he and his daughter positively denied any authority, verbal or written, for him to execute either instrument; and there is a total absence of evidence tending to prove any written authority. The complaint also alleges that the deed from defendants to Hess was made for the purpose of defrauding the plaintiff, and that Hess knew of the arrangements made in the escrow and deed, and the court seems to have so held. There is a total absence of evidence showing that Hess had such knowledge at the time the deed to him was executed, delivered and recorded, and there is also a total absence of evidence showing or tending to show that he had knowledge or notice of the alleged fraudulent intent on the part of his grantors, if such intent in fact existed.

1. The contract and deed, executed by Joseph W. Newman, professing to act as attorney in fact for his daughter, were void under the statute of frauds, so far as she was concerned, because he was not authorized in writing to execute the same. *Clement v. Major,* 1 Colo. App., 297, 302, 29 Pac., 19; *Hagerman v. Bates,* 5 Colo. App., 391, 405, 38 Pac., 1100. She did not ratify the void instruments, or either of them, in writing, and there is no satisfactory evidence that she otherwise ratified either of them. Ratification in writing was necessary. *People's M. & M. Co. v. Central C. M. Corporation,* 20 Colo. App., 561, 80 Pac., 479.

If it be assumed that she knew of the deed executed by her father, which knowledge she denies, nevertheless the deed which she made on August 26th to Jacob Hess was a complete repudiation of that deed, and such repudiation by deed took place five days before default in conditions of the contract, and twenty-two days before an attempt was made to enforce the forfeiture. Under the circumstances we think the court had no authority in law or equity for holding the unauthorized deed to be a good conveyance as to the interest of Edith M. Newman.

2. The plaintiff, before he declared a forfeiture of the escrow agreement and obtained the warranty deed from the escrow holder, sold and assigned the note and deed of trust, which, according to the agreement, were to be cancelled upon delivery of the deed, thereby making it impossible for him to keep that part of the agreement. L. F. Grace, the assignee of the note, is not a party to this suit. The note was not tendered in this proceeding, nor was a release of the deed of trust. The court was without power to make a decree which would be binding on Grace, inasmuch as he was not a party to the proceeding. He was an indispensable party to a full determination of the suit, and therefore the general rule as to waiver of defect of parties does not apply. *Peck v. Peck,* 33 Colo., 421, 425, 80 Pac., 1063; *Colo. St. Bk. of Durango v. Davidson,* 7 Colo. App., 91, 96, 42 Pac., 687; 2 Cyc., 687, 784; 31 Cyc., 742, note 6. A condition unusual in suits of this kind is shown to exist, in that the plaintiff, by assigning the note and deed of trust, put it out of his power to keep the contract, and the defendant, by making the deed to Hess, put it out of their power to keep it. Neither of them has tendered performance, except as plaintiff tendered it by his complaint, and he has not shown his ability to perform.

3. There is another reason for denying the equitable relief prayed for, in the fact that there was and is an adequate remedy at law by foreclosure of the deed of trust,

which would amply protect the interests of all parties. Plaintiff could thereby secure his debt or the land; defendant Hess could redeem from the trust deed sale, and thus save the amount he had paid the other defendants on the purchase price; and the Newmans would have an opportunity to make payment of the debt before foreclosure, or redeem within the statutory time if Hess failed to protect them from his assumption of the trust deed. It is true, the remedy by foreclosure is not as speedy as the remedy provided in the contract, which contemplated immediate possession on forfeiture; but when all the circumstances are considered, we think the plaintiff is not in a position to insist upon the court's extending to him the equitable relief prayed for.

Another cause of action, namely, a replevin suit for personal property, including crops, was consolidated with the one which we have discussed, which will be controlled by our decision in the main case.

The judgment as to both causes of action is reversed and the cause remanded for further proceedings in accordance with the views herein expressed; the costs in this court to be taxed equally to the plaintiffs in error and the defendant in error.

*Reversed and remanded.*

Decided May 10th, A. D. 1915. Rehearing denied June 14th, A. D. 1915.