WILLIAM H. KNIGHT *vs.* CURNEL WILCOX.

FEBRUARY 28, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit in which the plaintiff declared on a promissory note, of which the defendant was the maker and the plaintiff was the payee and holder, and also on the usual *indebitatus* assumpsit counts.

At the trial in the superior court before a justice of that court and a jury, such a note was introduced by the plaintiff and proved. The only defense relied on by the defendant on the merits of the case was an alleged novation, by which, according to his contention, the plaintiff, for a consideration furnished to him by the defendant and involving an agreement by the plaintiff's son with the defendant to pay the note, agreed to look only to the plaintiff's son for the payment of the note. The defendant introduced evidence, consisting only of his own testimony, in support of this defense; and the plaintiff introduced evidence against it, consisting of the testimony of himself and his son.

At the conclusion of the trial, the jury returned a verdict for the plaintiff for $782.50. Later the trial justice denied a motion by the defendant for a new trial and the case is now before us on the defendant's exception to this ruling and on two exceptions to rulings by the trial justice on the admission of evidence at the trial.

The case was begun in a district court, on a writ dated December 19, 1935; and the declaration was incorporated in the original writ, by filling blank spaces in a printed form. There was only one count in special assumpsit on a promissory note and that stated "that the said defendant at said Coventry on the 20th day of December, A. D. 1929, by his promissory note of that date, by him signed, for value received, promised the plaintiff to pay to him or 565 dollars and 00 cents." In this the word "or" was printed in the form and was not struck out in the filling out of the declaration.

In the district court the plaintiff filed a bill of particulars in which he stated that he sued to recover on a note as follows:

"$565.00        Washington, R. I. Dec. 20, 1929.
One year after date I promise to pay to the order of William H. Knight Five Hundred Sixty-five and no/100 Dollars.
Payable at
Value received
No.            Due            Curnel H. Wilcox."

At the trial in the superior court the plaintiff offered in evidence the original note, signed by the defendant, which corresponded exactly with the copy set forth in the bill of particulars. The defendant objected to its being received, on the ground of its variance from the note as described in the declaration. The objection was overruled and the note admitted in evidence. The defendant's first exception is to this ruling.

The only difference that could reasonably be relied on as constituting a variance is that in the declaration no time of payment of the note is stated, while in the note offered in evidence the time is specified as one year from date. The defendant contends that this constitutes a fatal variance, as a promissory note which states no time of payment is treated in the law as payable on demand.

The case cited by him which comes nearest to fully supporting his contention is *Sheehy* v. *Mandeville,* 7 Cranch, 208. There the actual note which was put in evidence was payable in sixty days after date, and was fully and correctly described in the declaration, except that no date of payment was stated. It was held by the Supreme Court of the United States that this difference between the actual note and the description of it in the declaration constituted a fatal variance. In the course of the opinion, *Marshall, C. J.,* at page 217 said: "In this case, the legal effect of the promissory note is stated; and that effect, on a note, having no day of payment, would be, that it was payable immediately. This declaration goes on that idea, and avers a promise to pay, when required. A note payable sixty days after date, is a note different from one payable immediately, and would not support the issue had *non assumpsit* been pleaded, and issue joined on this plea."

That case was different from the instant one, in that there the declaration, after describing the note in the manner above stated, averred a promise by the defendant to pay the sum mentioned in the note, *when required,* while here the declaration does not aver anything as to when the note was to be paid. Moreover, no bill of particulars was involved in that case, while here there is one containing a complete and accurate copy of the note. In our opinion these differences are substantial and warrant a different ruling on the question of variance.

Substantially the same differences exist between the instant case and the second case cited by the defendant, *Page* v. *Bank of Alexandria,* 7 Wheat. 35, except that in the latter case the declaration, in which the note was expressly described as payable on demand, was not so nearly like that in the instant case as was the declaration in the first case cited.

In the third case cited by the defendant, *Morris* v. *Fort,* 2 McCord L. *397, (S. C. 1823), the declaration, in setting

out the promise on a note, stated that the defendant bound himself to pay whenever after requested, while the note offered in evidence showed a promise to pay ninety days after date. The court found a material variance, though a correct copy of the note had been filed with the declaration, as required by a rule of court.

But in that case there was an express contradiction, as to the time of payment, between the declaration and the copy of the note as filed; and the statement in the declaration prevailed over that in the copy of the note and was irreconcilable with the actual note offered in evidence.

In the instant case, however, the declaration said nothing about a time for the payment of the note, and the bill of particulars set forth an exact copy of the actual note, as afterwards introduced in evidence; and so there was no express and irreconcilable difference between the declaration and the bill. The latter simply supplemented the former by supplying matter that had been omitted.

There is the further important difference between the instant case and all those cited by the defendant on the point of variance, and that difference is that the declaration here contained all the usual *indebitatus* assumpsit counts, on which a verdict for the plaintiff could be supported, even if there were a variance between the actual note and the general description of it in the count in special assumpsit, the note being admissible as evidence of an existing and payable indebtedness from the defendant to the plaintiff at the time when the action was begun.

For these reasons we are of the opinion that there is no inconsistency between a ruling in favor of the plaintiff on the point of variance, now under discussion in the instant case, and the rulings in the above cases cited by the defendant: and that the ruling of the trial justice in admitting in evidence the defendant's note was not erroneous.

The defendant's second exception was to a ruling of the trial justice in admitting in evidence a certified copy of a

certain mortgage made by the defendant. In the original cross-examination of the defendant, the plaintiff's attorney had shown him this certified copy, had described it to him and had asked him some questions about it. In the defendant's answers to these questions he clearly, though perhaps not expressly, admitted the making of this mortgage and no exception was taken by the defendant's attorney in the course of this cross-examination.

After the direct examination of the defendant in rebuttal, the plaintiff's attorney cross-examined him briefly and offered in evidence the certified copy of this mortgage and it was admitted against the objection of the defendant, made on the sole ground that the mortgage was immaterial. The defendant then took the exception in question. Under these circumstances we cannot see how the ruling in question could have been prejudicial to the defendant, if indeed it was erroneous, which we very much doubt.

This leaves, for consideration, only the exception taken by the defendant to the decision of the trial justice denying his motion for a new trial, the only ground urged in the motion and relied upon before us being that his defense of a novation was supported by the great preponderance of the evidence. In support of his pleas of novation, the defendant simply introduced his own testimony, which was rebutted by testimony of the plaintiff and of his son, in consideration of whose promise to the plaintiff to pay the note the plaintiff was alleged to have released the defendant from its payment. In a short rescript, in which the trial justice failed to discuss the evidence or to express any opinion as to the credibility of the witnesses, he stated that he felt that the jury were justified upon the evidence in returning the verdict that they did; and he therefore denied the motion for a new trial.

We have examined the evidence, as set forth in the transcript, and are of the opinion that we cannot properly find therefrom that the verdict of the jury was not supported by

a preponderance of the evidence. Therefore we find that there is no merit in the defendant's exception to the decision of the trial justice denying the defendant's motion for a new trial.

All of the defendant's exceptions are overruled and the case is remitted to the superior court for entry of judgment for the plaintiff on the verdict.

*Patrick H. Quinn, Michael DeCiantis,* for plaintiff.

*W. Louis Frost,* for defendant.