NEW-YORK,<br>May, 1837.<br><br>Smith<br>v.<br>Van Loan.

Judgment for defendants.

---

SMITH vs. VAN LOAN.

In an action by a *bona fide* holder of a note, obtained *before maturity* by transfer, the *maker* cannot *set-off* any demand he had against the *payee* at the time of the transfer, although the note was accepted by the holder in *payment of a precedent debt*, unless the note was originally made for the accommodation of the *payee*, or was *satisfied* whilst in his hands, and *fraudulently* put by him into circulation. Even then, the set-off is not allowable if the holder can prove that he received it in the usual course of trade, paid value, parted with property, or gave credit on the faith of the paper at the time of the transfer.

The case of *Rosa* v. *Brotherson*, 10 Wend. 85, commented on, the facts as appearing in the *original papers* adverted to, and the opinion expressed that it decides nothing beyond the principles above stated.

When a note is transferred by the payee for a valid consideration before maturity, and an action is brought thereon in the name of the holder for his own benefit, the defendant cannot *set-off* a demand against the payee; the case is not within the statute.

In an action against the maker, a promissory note may be given in evidence under the *money counts*, although the consideration of the note be *work* done.

TRANSFER of *note* and *set-off*. The plaintiff declared on a promissory note, made by the defendant to one *Lewis Wheeler*, and transferred by him to the plaintiff; and the declaration also contained the common money counts. The defendant pleaded the general issue, and gave notice that on the trial of the cause he would insist upon a *set-off* against *Wheeler*, the payee of the note, which set-off he was entitled to previous to the transfer of the note to the plaintiff. The cause was heard before referees. It was admitted by the defendant, that in the fall of 1828, the defendant gave a note to Lewis Wheeler for about the sum

of $100, payable to Wheeler or *bearer* about the first of *July*, 1829, and that it was transferred to the plaintiff in *May*, 1829, and had since been lost; and on the part of the plaintiff, it was admitted that the note was transferred to him by Wheeler *in payment of a precedent debt* owing by Wheeler to him. It appeared in evidence that the note was given by the defendant to Wheeler for *work done*. The note thus admitted to have been made, *varied* from the note described in the declaration. The defendant insisted that the plaintiff could not recover on the note declared on, on account of the *variance;* nor could he recover on the *money counts*, inasmuch as it appeared that the note, instead of being given for *money lent* or, *money had and received*, was given for work done. The referees decided that the plaintiff could not recover under the count setting forth the making and transfer of the note, but that he was entiled to recover under the *money counts*. The defendant then offered to prove that previous to the transfer of the note, *Wheeler* was indebted to him in a sum of money nearly or quite equal to the amount specified in the note, and insisted that the plaintiff having become possessed of the note *in payment of a precedent debt*, although it came to his hands before maturity, he took it subject to all equities existing between the original parties thereto. The plaintiff objected to the evidence, and the referees sustained the objection, and reported in favor of the plaintiff for the amount of the note and interest. The defendant moved to set aside the report.

*M. T. Reynolds*, for the defendant.

*I. L. Wendell*, for the plaintiff.

*By the Court*, BRONSON, J. The note was properly in evidence under the money counts, and proof that it was not in fact given for *money* but for *work* and *labor*, could not change the form of the remedy. *Hughes* v. *Wheeler*, 8 Cowen, 77. It was a mere question of pleading, and the rule is, that a promissory note, as against the maker, may be given in evidence under the money counts, upon whatever consideration it may have been made.

The set-off was properly rejected. The note was transferred before it came to maturity, and upon a good consideration as between the plaintiff and Wheeler, the payee. The plaintiff took it in good faith, and without any notice of the set-off. The note was not made for the accommodation of Wheeler, nor had it been satisfied while in his hands. Had either of those facts appeared, and Wheeler had fraudulently put the note in circulation, it would then be incumbent on the holder to show that he paid value, parted with property, or gave credit on the faith of the paper at the time of the transfer. Taking it in payment of a precedent debt would not be such a consideration as would create a superior equity in the holder to that previously existing between the original parties. But this was a valid security in the hands of Wheeler at the time of the transfer—one which he could enforce by action. Had he sued, there was no defence to the note. Van Loan, the maker, had a claim against Wheeler, which he could set-off if he thought proper, or he could bring a cross action to enforce the payment of his demand.

The defendant relies on the case of *Rosa v. Brotherson,* 10 Wendell, 85. The very brief and imperfect statement of facts in the report of that case is calculated to give the decision a wider influence than was intended by the court. I have looked into the original papers, and find that the note was made by the defendant, Brotherson, on the 15th June, 1829, for $100, and was payable to William A. McClelland or bearer, nine months after date. In July following an arrangement was entered into between the maker and payee, by which the note was satisfied, and McClelland promised to deliver it up to the maker. This he afterwards refused to do, and transferred the note to Rosa, the plaintiff, in payment of a debt of $55. When collected, the plaintiff was to apply the balance of the money on a debt due from McClelland to one Clowes. From this state of facts it will be seen that the note was not a valid or available security in the hands of McClelland at the time of the transfer, and that it was fraudulently put in circulation by him, against the express agreement of the parties. It then became a

NEW-YORK.
May, 1837.

Smith
v.
Van Loan.

question whether the maker or the holder had the superior equity, and it was held that as the plaintiff had not paid value, nor parted with any thing at the time of the transfer, he took the note, thus fraudulently put in circulation, subject to all the existing equities between the original parties. The decision was in accordance with several other cases in this court on the same subject; but with this exposition of the facts, it proves nothing in favor of the defence set up in this action.

There is a further difficulty in the way of this defence. It is not denied that the plaintiff took the note on a sufficient consideration as between himself and Wheeler, the payee, nor that he took it in good faith without any notice of the set-off. The plaintiff is the owner of the note; he does not sue as the trustee for another, but is the real party in interest. The right to set off a demand against Wheeler depends on the statute, and that has not provided for this case. 2 R. S. 354, § 18. To entitle the defendant to a set-off, he must have a demand against *the plaintiff in the action*, unless the suit be brought in the name of a plaintiff who has *no real interest in the contract upon which the suit is founded.* Sub. 7. The 8th subdivision is confined to an action upon a contract, *other* than a negotiable promissory note or bill of exchange, which has been assigned to the plaintiff. It provides for cases where the real plaintiff or party in interest necessarily sues in the name of another. The 9th subdivision provides for a set-off where a negotiable promissory note or bill of exchange has been assigned to the plaintiff; but the right to set off a demand against any former holder of the paper is restricted, in terms, to the case of a note or bill assigned to the plaintiff *after it become due.* The 10th subdivision is confined to the case of a plaintiff suing as *the trustee for another,* or where he has *no real interest in the contract.* In this case the plaintiff is not a *trustee,* but is *the party in interest,* the real owner of the note; and the paper was transferred to him *before* it became due. It is impossible to say that the case comes within the statute.

                                        Motion denied.