1838.

FRANCIA
*v.*
JOSEPH.

---

## FRANCIA and others *v.* JOSEPH and others.

Where a promissory note is handed to a person to get discounted and he applies it towards payment of a pre-existing debt of his own, the party taking it cannot retain the note against the owner, although he was ignorant of the way it was obtained and received it as consideration for forbearance.

*Feb.* 19,
1838.

*Promissory note.*
*Fraud.*
*Pre-exist-ing debt.*

BILL to recover the possession of a promissory note for seventeen hundred and eighty-three dollars and sixty-two cents made by John Mel & Co. in favor of the complainants, and which, as the bill alleged, the complainants had placed in the hands of one Walter M. Oddie as their agent and broker, to get discounted. Also the bill showed that Oddie, being indebted to the defendants, Joseph L. Joseph & Co., in about the sum of two thousand dollars, delivered the said promissory note to the latter, as collateral security for the payment of the money so due by him to them. And there was a charge that the defendants never had paid or advanced any moneys on account of it. Prayer, that the promissory note should be given

up or, if negotiated or moneys received thereon, then that the amount might be made good to the complainants.

The defendants, in their answer, set forth that Oddie received of them certain notes of the bank of the United States and promised to give his check for them to the amount of two thousand dollars. That the check which he gave was dishonored; and on pressing him for payment, he gave them three several promissory notes, one of which was the note in question, as security, upon the understanding that they should forbear and not urge immediate payment; that when they accepted this proposition, the said Oddie endorsed the said promissory note in blank (with the other notes) and delivered them to these defendants, at which time they gave up a promissory note made by Silas E. Burrowes that Oddie had deposited with them. That they took them in good faith and without any knowledge, suspicion or notice whatever of the complainants' having any right, claim or interest whatever in this particular note or in any part of it; and the first knowledge they had was from the bill. They insisted that the complainants were not entitled to the aid of the court to extricate them from any disappointments which they might have brought upon themselves by reason of having substituted the said Oddie in their place and furnished him with negotiable paper to pass off as his property upon third persons having no knowledge or suspicion of the latent interest of the complainants. They admitted that they had not paid or advanced to Oddie or to any other person for him any money whatever on account of the said promissory note. It appeared that the complainants had taken from Oddie a judgment by confession for his general indebtedness to them; but how far the amount of this identical note was embraced, did not appear.

The cause came up on pleadings and proofs.

Mr. *Tucker*, for the complainants.

Mr. *Cutting*, for the defendants.

THE VICE-CHANCELLOR:—By delivering the note of Mel & Co. to Oddie, the complainants did not part with the right of property in the note. It was still their note in Oddie's hands, until he parted with it for the purpose and in the way for which

*1838.*

FRANCIA
*v.*
JOSEPH H.

*Feb. 25,
1839.*

it was intrusted to him, namely, that of procuring it to be discounted for the complainants' use. Any other disposition or appropriation which Oddie might make of the note was a breach of trust on his part and a fraud on the complainants.

The proofs very clearly show that the note was delivered to Oddie for the specific purpose of procuring it to be discounted and of bringing the money to the complainants, and he had no right or authority, therefore, to appropriate it to himself or to pledge or hypothecate it for his own debt or purposes. It satisfactorily appears also, that Oddie did hypothecate it with the defendants as collateral security for a pre-existing debt of two thousand dollars, which he owed to them. This was the only consideration on which the transfer and delivery of the note to the defendants took place. The latter made no fresh advances, nor did they part with any goods or other thing of value on the strength and credit of the note at the time of receiving it. Hence they are not *bona fide* holders of this note as if received in the course of trade or business for valuable consideration within the rule established in *Bay* v. *Coddington*, 20 J. R. 637, and followed in subsequent cases, (*Wardell* v. *Howell*, 9 Wend. 170 ; *Rosa* v. *Brotherton*, 10 Wend. 85 ; and *Smith* v. *Van Loan*, 16 Wend. 659.) True, the defendants say they granted forbearance or time to Oddie for the payment of the two thousand dollars and were diverted from the immediate pursuit of their remedy against him, which they would have taken if they had not got hold of this note or if they had received notice from the complainants that the note belonged to them. But, this is not enough to give them a right to hold it. In *Wardell* v. *Howell* it was expressly held that such circumstances did not constitute that valuable consideration which the policy of the law requires in order to give the holder a title against him who has been defrauded out of the bill or note. So, I think the circumstance of their returning to Oddie the Burrowes note is not enough. It was not paying a present value as a consideration for the note of Mel & Co. They gave up the one note because they deemed the other two which they received sufficient security for their debt.

Again, the taking a judgment by confession against Oddie in favor of the complainants at the time of his failure is relied on. But it does not appear that the amount of the note in ques-

tion was included in the judgment or that the complainants have thereby obtained any satisfaction for it. This objection therefore is of no avail.

Decree, that the defendants deliver up the note, with costs to the complainants to be taxed.