BUTLER *vs.* RAWSON, impleaded with Butler.

In an action upon contract against a *surety*, where the defendant's character as such surety appears upon the face of the instrument, the plaintiff cannot, in general, recover upon the common counts, but must declare specially.

The case of a promissory note is not an exception to this rule; and where a note with the word "surety" added to the signature of one of the makers, was offered in evidence under the money counts, in an action against such maker, it was held inadmissible.

Where a note has been properly given in evidence under the money counts, proof that it was not given for money, but for property, will not defeat the action.

The statute relating to the form of declaring upon bills and notes, (*Stat.* 1837, *p.* 72, § 1,) only applies to cases where different parties, as maker and endorser, drawer and acceptor, are joined in the same action.

ASSUMPSIT, tried before DAYTON, C. Judge, at the Genesee circuit in February, 1844. The declaration contained the money counts, with a notice at the bottom that the plaintiff would give in evidence on the trial a promissory note, of which the following is a copy :

" One year after date for value received, we jointly and severally promise to pay James Butler, or bearer, six hundred dollars with use. Webster, November 1 1842.

WM. BUTLER<br>JOSEPH RAWSON, *Surety.*"

Rawson pleaded, and Butler suffered judgment by default. On the trial the defendant Rawson objected that the note could not be given in evidence against him under the money counts, because he was a surety: the plaintiff, he contended, should have declared specially on the note. The judge overruled the objection, and the defendant excepted.

The defendant then proved, that the note in question was a renewal of another note given just one year before, and which was in the same words and figures throughout, save as to the year—the one being dated in 1841, and the other in 1842; and that the defendant Rawson was a surety in form and in fact on both notes: that the note in suit was given when the old note

was taken up; on which occasion the defendants paid the plaintiff $42 for the interest for one year which the old note had run; and also paid him the further sum of eight dollars for the forbearance of the loan for the time the new note had to run. The old note was given up at the time of the renewal. As the last note was void for usury, the plaintiff claimed to fall back on the first note, and recover upon that—deducting the eight dollars paid for usury. Rawson insisted, that he, being a surety, and the first note having been given up, the plaintiff could not recover against him upon that note under the money counts. The judge decided that the plaintiff could not recover on the last note, because it was usurious; but that he might recover upon the first note. Rawson excepted, and the jury found a verdict for the plaintiff.

*A. Worden*, for the defendant Rawson, moved for a new trial. He cited 8 *Taunt.* 737; 19 *John.* 427, 109; 7 *Peters*, 113; 1 *Hill*, 589; 5 *id.* 613; 21 *Wend.* 506.

*S. Stevens*, for the plaintiff, cited 1 *Hill*, 256; 16 *Wend.* 660; 8 *Cowen*, 77; 2 *R. S.* 274, §§ 6, 7, *2d ed.*; 19 *John.* 297; 7 *Cowen*, 316.

*By the Court*, BRONSON, Ch. J. The rule is nearly or quite universal that there can be no recovery against a surety, where his character appears on the face of the instrument, without declaring specially on the contract. It is said that an action against the makers of a promissory note, which one of them has signed as a surety for the other, forms an exception to the rule; and that in such a case the plaintiff may recover on the money counts. But there is a case in point the other way. ( *Wells* v. *Girling*, 8 *Taunt.* 737.) This decision stands upon principle. In the common case of a suit against the makers of a promissory note, the instrument may be given in evidence under the money counts, for the reason that the note is evidence of money lent to, or had and received by the makers to the plaintiff's use. But when one of them signs as a surety for the other, and that

fact appears on the face of the instrument, the note furnishes no evidence that he received the whole or any part of the consideration. Indeed, it proves the contrary; for the principal debtor must have received the whole consideration. As the note does not prove that both of the makers have received money, the holder cannot recover without declaring on the contract.

When a note has been properly given in evidence under the money counts, proof that it was not in fact given for money, but for *land* or *work*, will not defeat the action. (*Hughes* v. *Wheeler*, 8 *Cowen*, 77; *Smith* v. *Van Loan*, 16 *Wend.* 659.) But here the difficulty is, that the note itself does not furnish evidence which will warrant its admission under the money counts.

The fact that a copy of the note was served with the declaration will not aid the plaintiff. The statute on that subject only applies to cases where different parties, as makers and endorsers—drawers and acceptors—are joined in one action. (*Stat.* 1837, *p.* 72, § 1.)

The plaintiff has the same difficulty to encounter whether he seeks to recover upon the first or the last note; for both were in the same form. Whether upon a proper declaration he can recover against the surety upon the note which was given up, is a question which need not now be considered.

New trial granted.