## SUPREME COURT.

### BRADFORD agt. COREY, impleaded, &c.

A promissory note, payable to bearer, (given on the purchase of a store of goods) and endorsed by "D. P. C., surety," and "T. L., security," who were sued jointly (in 1844,) by declaration, containing the common money counts, with a copy of the note annexed, (the note having been regularly protested,) and D. P. C., appeared and pleaded separately, *Held*, that the addition of the words "surety" and "security," to the endorsers' names, did not divest them of their character of endorsers. The only effect of those words were to give them the privileges of surety in addition to their rights as endorsers. As endorsers they could not be made liable without a demand and notice. And as sureties they were entitled to all the privileges of that character. They having endorsed the note severally, they could not be either joint endorsers or co-sureties. The note being payable to bearer did not make their liability a joint one. They should be deemed liable as endorsers in the order in which their names stood upon the note. And being several endorsers, the suit was properly brought against them jointly, under the statutes of 1832, ch. 276, and of 1837, ch. 93, and the note was admissible in evidence under the money counts in the declaration. It was not necessary to declare against them specially. The case of *Butler* v. *Rawson*, 1 Denio, 105, not applicable to such a case.

*Schenectady General Term, Jan.* 1849.—PAIGE, WILLARD and HAND, Justices.—This was a motion on the part of the plaintiffs to set aside a report of referee made in favor of the defendant Corey. The suit was commenced in 1844, by declaration containing the money counts alone, on a joint note given by Abram Shuler and Francis Newkirk to Henry Randall or bearer, dated December 17, 1836, payable two years after date, and endorsed by Martin I. Borst, David P. Corey and Timothy Livingston. Corey affixed to his name the word " surety," and Livingston the word " security." A copy of the note was added to and served with the declaration. The declaration was made out against all the drawers and endorsers. The declaration was not served on either of the drawers, nor on Borst the first endorser. Corey appeared and pleaded separately. The note was regularly demanded when it fell due, and notice of non-payment duly served on all the endorsers. Evidence was introduced before the referee, tending to show payment of the note by Borst, the first endorser, before the commencement of the suit. The note was given by Shuler and Newkirk, the drawers, to Randall, the payee, on the purchase of a store of goods by them from Randall. Corey endorsed the note as security. Shuler, Newkirk and Borst all failed, and were discharged under the bankrupt act in 1842 or 1843. Borst, by an arrangement with the drawers, in the fall of 1838, assumed the payment of the note. It was objected on the hearing, that the note was not admissible in evidence under the money counts, the defendant Corey having endorsed the note as surety. The referee after hearing the evidence, without passing upon the facts of the case, decided in favor of the defendant Corey, upon the ground that the note was not admissible in evidence under the declaration.

D. P. COREY, *in proper person.*
D. WRIGHT, *for the plaintiff.*

By the Court, PAIGE, Justice.—An endorser of a promissory note, although in the nature of a surety is not for all purposes entitled to the privileges of that character. He is answerable upon an independent contract, and it is his duty to take up the note when dishonored. (6 Wend. 613; 8 Wend. 199; 9 Cow. 206; 21 Wend. 504; 16 John. 152; id. 72, 40.) The endorser, when duly fixed, ought to pay the note without waiting to be sued. If he permits himself to be sued, it is his own fault, and he cannot resort to the drawer for indemnity against the costs of the suit. (*Simpson* v. *Griffin,* 9 John. 131.) In some respects there is a resemblance between an endorser and a surety ; in others there is none.

(6 Wend. 613.) The undertaking of an endorser is conditional; it is to pay, if the maker of the note does not, upon being required to do so when the note falls due, and upon the further condition that the endorser be notified of such default. But if an endorser endorses a note for the accommodation of the drawer, to enable him to borrow money, the endorser is regarded as a surety for the drawer, and the latter, by implication of law, undertakes to save the endorser harmless of and from all expenses and costs to which he may be subjected in consequence of his endorsement. And in such case, the endorser can charge the drawer with the costs of a suit for the collection of the note which he may have been compelled to pay. (15 John. 273; 7 Bing. 217; *Jones* v. *Brooks*, 4 Taunton, 466; 16 John. 70; 1 Greenl. Ev. sec. 401; *Edmonds* v. *Low*, 8 Barn. & Cres. 407.) But, although an endorser stands in the relation of a surety to the drawer, in consequence of an endorsement of an accommodation note, or of a special promise of the latter to save him harmless, he does not lose his character of endorser as it respects the holder of the note. And he cannot be made liable on the note without a demand and notice. He continues endorser with all the privileges of a surety.

In this case, the addition of the word surety or security, by Corey and Livingston, to the endorsement of their names on the note in question, did not divest them of their character of endorsers. The only effect of the addition of these words to their signatures, was to give them the privileges of a surety in addition to their rights as an endorser. As endorsers, they could not be made liable without a demand and notice. And as sureties, they were entitled to all the privileges of that character. But inasmuch as they endorsed the note severally, they cannot be either joint endorsers or co-sureties. The note being payable to bearer, does not make their liability a joint one. They endorsed the note before it became due, and probably at the time it was made. Their endorsement is a several one; and they must be deemed liable as endorsers in the order in which their names stand upon the note. If Corey and Livingston are several endorsers, the suit was properly brought against them jointly under the statutes of 1832, ch. 276, and of 1837, ch. 93. They were different parties to the note—several not joint endorsers. They could not have been sued jointly at common law. The action against them is a statute action, and not an action at common law.

This being so, the note was admissible in evidence under the money counts in the plaintiff's declaration. (*Butler* v. *Rawson*, 1 Denio, 105; *Miller* v. *McCagg*, 4 Hill, 35.) The suit being properly brought under the statutes of 1832 and 1837; the case of *Butler* v. *Rawson* is not appli-

cable. It was not necessary, the suit being brought under these statutes, to declare against Corey specially on the note, although he endorsed the note as a surety for the drawers. The referee, therefore, erred in deciding that the note was not admissible under the declaration. The referee did not pass upon any of the facts of the case. His report in favor of the defendant was made upon the sole ground that the note was not admissible under the declaration.

The report must be set aside, and the case must be referred back to the referee.