*Gardiner, J.
 

 — When this cause was first before us, we held, in substance, that enough *- 4 appeared upon the face of the notice, to justify the application of the extrinsic evidence by which the note
 
 *24
 
 in question was identified; that the description there given was true in part, hut not in every particular, and that the maxim
 
 fa Isa demonstratio non nocet
 
 applied; because, after striking from the notice all that was false, enough remained to authorize the paroi evidence, by which' the note in controversy was identified, as the subject of that notice. The doctrine of that decision, and the propriety of its application to the case then before us, has been questioned; and it may be well, therefore, to refer to some cases illustrative of both.
 
 [1]
 



 Goodtitle
 
 v.
 
 Southern
 
 (1 M. & Selw. 299) was a devise of land; the premises were described as “ Trogues farm,
 
 now in the occupation of
 
 Bthat part of the description relating to the possession, was rejected as false, and effect was given to the devise by what remained. In
 
 Jackson
 
 v.
 
 Loomis
 
 (18 Johns. 81), the premises were described in the grant by their
 
 number,
 
 and by monuments, courses and distances; the number was rejected. In
 
 Lusk
 
 v.
 
 Druse
 
 (4 Wend. 313), the lot, on the contrary, was described by metes and bounds, and by
 
 number;
 
 the number was adopted to give effect to the demise, and the boundaries rejected. Those who are curious to ascertain how frequently a principle, coeval with the common law, has been recognised and acted upon, will find some of the authorities collected in Cowen & Hill’s Notes, from p. 1362 to 1382.
 

 In this case, the note was described as “ S. Warden’s note payable at the Cayuga County Bank, and indorsed by” the defendant; the amount was stated in the body of the notice to be $300, and in the margin, were the figures $600, *which, in dollars, was the true
 
 ^
 
 -• amount of the note protested. The extrinsic facts were — 1st. The note in suit: 2d. The knowledge of the defendants, that this note was in the Cayuga Bank; established by evidence, that it was given on a
 
 *25
 
 renewal of a former note, held by the plaintiffs, made and indorsed in the same manner with the one in controversy : 3d. That it was the only note in the bank, or, so far as appeared, made payable there, made by S. Warden, and indorsed by the defendant, according to the call of the notice.
 

 This court held, that construing the notice in the light of these facts, all of which were known to the defendants, the note in question was
 
 primd facie
 
 sufficiently identified, by the name of the maker, the place of payment, the indorsement of the defendant, and the sum stated in the margin. That the amount in the body of the notice might, and under the evidence of surrounding circumstances, ought to be rejected, and that the note would then be designated by other parts of the description. This was the whole decision. It was the application of a familiar principle to a case imperatively demanding it.
 

 There was nothing in the judgment that would seem to call for the authorized dissent of a member of this court, who, for reasons satisfactory to himself, took no part in the decision, but who, we were informed upon this argument, subsequently expressed his views in opposition to those of his associates, in a communication to the counsel of the defendants.
 
 [2]
 


 We were told upon the former argument, and it has been again repeated, that a note for $300 was not a note for $600. This is certainly true; and it was equally true, in
 
 Jackson
 
 v.
 
 Loomis (supra),
 
 that lot 24 was not lot 25. Effect, however, was given to the grant, in that case, by locating the land according to other parts of the description, and rejecting the number, and by this court, to the notice in this case, by rejecting the number of dollars in the body of it, and identifying the instrument by the other particulars mentioned.
 

 
 *26
 
 *An attempt was made to distinguish the cases referred to from the present, by the consideration, that in grants and wills, the intention of the parties and of the testator, was the only thing to be ascertained. But the intention is to be gathered from the language of the instrument, and not otherwise; and the purpose of the grantor or devisor, to convey a particular piece of land, depends upon the description which will identify, and enable others to locate the parcel. So, the design' of the notary in this case, was to inform the indorser of the dishonor of a particular note; whether he has succeeded, depends, in like manner, upon the terms of the notice. If the subject is there described, so as to be identified, upon proof of extrinsic facts, which in the language of Lord Coke, “ stand with the notice,” the object will be accomplished; although the description may not be true, in every particular; and the defendant would be bound by it, although as dull of apprehension, as his counsel proposed to prove him. There 'is no difference in principle, therefore, between the case before us and those cited; certainly, nothing that should exempt an ordinary commercial notice, from a rule, which has been resorted to in the construction of wills, grants, and even of statutes.
 


 Remer
 
 v.
 
 Downer
 
 (23 Wend. 626), which the counsel for the defendant supposes this court to have overruled, is in conformity with the principles above suggested.In that case, the note was made by one Young, and Berner, who was sought to be charged, was second indorser. The notice, upon its face, was addressed to “ N. Williams, cashier,” and informed that person, that' “James Young’s note indorsed by
 
 you,”
 
 was protested, &c. The letter containing the notice was, upon the outside, addressed to Berner, at his place of residence. The court of errors
 
 assumed
 
 that the
 
 notice
 
 was not addressed to the indorser, but to Williams. The chancellor accordingly remarks, “that Bemer could not have sup
 
 *27
 
 posed that James Young’s note, for a larger amount, indorsed by
 
 Williams,
 
 to whom the notice was
 
 addressed,
 
 was the one intended.” *As the chancellor f ^ viewed the facts, every part of the notice, as to l the note in controversy was false; false as to the amount, the indorser, and the address; and Berner could only suppose, as the opinion states,
 
 “
 
 that the letter was wrongly directed upon the back, by mistake.” The supreme court, on the contrary, assumed, under the finding of the jury, that the notice was addressed to Berner. On this supposition, Berner was informed, that James Young’s note, payable at, &c., indorsed by
 
 Mm,
 
 was protested, &c. Judge Bronson accordingly remarks, that the note was undescribed as to the amount; but in all other respects (which included the indorsement) was accurately described, and was the only note in the bank,, with his name upon it.”
 

 The difference between the courts was one of construction; the supreme court, acting upon the verdict, which found that the indorser was not misled, adopted the address upon the back of the letter as a part of the notice; the court of errors, I think, correctly construed the notice as it read upon its face, without reference to the outside direction. Had the notice, in the body of it, been addressed to Berner, instead of Williams, it would have been in substance this case; and the notice, hence, would have been held sufficient, as is manifest from the reasoning of the chancellor; there is not an intimation in the opinion to the contrary.
 

 Again, it was objected upon the trial, that the first count of the declaration was bad, as containing a cause of action not authorized by the plaintiffs’ charter, and that the amendment allowed upon the trial was without terms, and not within the spirit of the 149th section of the Code of 1848. The judge directed that the objectionable parts of the count should be stricken out, without costs to either party; this was the effect of the
 
 *28
 
 decision. An amendment, without costs, we think, is an amendment “upon such terms as may be proper,” within the meaning of the section, which refers the terms to the discretion of the court.
 
 [3]
 


 # 2g -i * Another point made by the defendant is, -* that the note was not evidence to sustain a recovery upon the money counts, as no money was paid to, or received by the defendants, as the consideration of their indorsement. The authorities referred to by the defendant’s counsel, established the principle, that the indorsement is
 
 prima facie
 
 evidence in favor of the indorser, against the maker, of money lent, and money had and received. (7 Barb. 15, and cases.) It is, in truth, evidence of an undertaking to pay money upon a consideration received by the indorser. The plaintiff must prove the contract, and a breach, before the indorsement and note become evidence, and not merely an acknowledgment of the receipt of money. The nature of the consideration has no influence upon the
 
 contract,
 
 and, upon principle, should have none upon the
 
 remedy
 
 by which it is enforced. When, therefore, the courts held, that the contract was evidence at all, to authorize a recovery under the money counts, to have been consistent, they should not have allowed the action to be defeated by any evidence that would not be a bar to a suit upon the contract.
 

 The rule may be otherwise in England, but in this state, in
 
 Hughes
 
 v.
 
 Wheeler
 
 (8 Cowen 84), it was adjudged, that the note was conclusive evidence of a pecuniary consideration, so far as respects the remedy under the money counts.
 
 [4]
 
 Ten years afterwards, in
 
 Smith
 
 v.
 
 Van Loan
 
 (16 Wend. 660), the decision was affirmed, and the doctrine applied, where the consideration of the note
 
 *29
 
 was work and labor; such has been the law as settled for twenty-five years. In
 
 Butler
 
 v.
 
 Rawson
 
 (1 Denio 107), the same doctrine was recognised, but an exception made in cases where the suretyship of one of the makers appeared upon the face of the note; this case has been followed in
 
 Balcom
 
 v.
 
 Woodruff
 
 (7 Barb. 15). Whether these exceptions are consistent with principle, is a question not necessary to be decided at this time.
 
 Hughes
 
 v. *
 
 Wheeler
 
 settled this question, as one of plead- f qQ ing, and we think, the decision ought not to be *- disturbed. The judgment must be affirmed.
 

 Paige, J.
 

 — The facts of this case in regard to the notice to the indorsers, of the dishonor of the note in question, are substantially the same as they appeared on the first trial of the cause. The decision of this court, therefore (reported in 1 N. Y. 413), pronounced on the former appeal, puts at rest the questions as to the sufficiency of the notice to the indorsers, of the nonpayment of the note, on its presentment to the maker. This court, on the former appeal, held that the written notice of the dishonor of the note, in connection with the accessory fact that this was the only note in the bank, drawn by S. Warden and indorsed by the defendants, was sufficient to convey information to the indorsers of the identity of the note, and that payment of it had, on due presentment, been neglected or refused by the maker. It was also, on that occasion, held by the court, that the notice was not defective, because it described the indorsement of the note, as an individual, instead of a joint indorsement, nor because it did not expressly state that payment of the note had been demanded or refused. It was held, that the statement in the notice that the note had been protested for nonpayment, necessarily implied that payment of the note had been demanded and refused.
 

 It is now regarded as definitely settled, that the
 
 *30
 
 sufficiency of the notice of the dishonor of a note, where there is no dispute about the facts, is a question of law for the determination of the. court, and not of fact for the decision of the jury. (23 Wend. 625-26; 2 Denio 594r-95.)
 

 The only new question presented. on this appeal is, whether the note was admissible in evidence, under the money counts. In
 
 Hughes
 
 v.
 
 Wheeler
 
 (8 Cowen 77), a majority of the supreme court decided, that a promissory note was conclusive evidence. of money had and received by the maker to the use of the payee. In ^
 
 Smith
 
 v.
 
 Van Loan
 
 (16 Wend. 659), which *was a . . -* suit by the transferree of" a note against the maker, the court held, that the note could be read in evidence, under the money counts, and that proof that the note was' not, in fact, given for money, but for work and labor, could not change the form of the remedy. The same rule was again laid, down by Oh. J. Bronson, in
 
 Butler
 
 v.
 
 Rawson
 
 (1 Den. 107). Upon the authority of these cases, the note in question must be regarded as conclusive evidence of money lent and advanced to the defendants by the plaintiffs; and proof that the defendants were mere accommodation indorsers, and that, in fact, no money was received by them, cannot alter the form .of the remedy. The defendants, by their indorsement, acknowledged that they have in their hands, money lent and advanced to them by the plaintiffs, and they, by such indorsement, undertake to repay it to the plaintiffs, or to any other party to whom the note may be transferred. The statute makes the indorsement evidence
 
 per se
 
 of money lent to the defendants. (12 Johns. 93-4; 1 R S. 768, § 1; 10 Wend. 344-5; 3 Hill 54; 6 Barb. 446.) The question is a mere question of pleading, and the defendants ought not to be allowed, by showing that no money was in fact lent and advanced to them, to change the form of the remedy .on the note against them. The case of
 
 Page’s Administrators
 
 v.
 
 Bank
 
 
 *31
 

 of Alexandria
 
 (7 Wheaton 35), has never been followed by the courts of this state.
 

 I am also inclined to believe, that the objection, that the note was not admissible in evidence under the money counts, was not properly taken on the trial. The objection was, that the note could not be read in evidence, under the first count, as amended. This objection does not state why it could not be read in evidence; whether on the ground that the notice to the indorsers was defective, or on the ground of some other defect in the evidence, or on the ground that the declaration was not adapted to the cause of action. If the defendants had specifically objected that, under the testimony, the note was not evidence of money lent and advanced to the defendants by the plaintiffs, and was, therefore, not admissible under the money counts, the court and ^opposite counsel would have understood the ^ precise question intended to be raised, and the *- latter might, perhaps, have obviated the objection, by further proof, or he might have applied for an amendment of the declaration. (2 Hill 603-4; 7 Id. 355; s. o. •7 Barb. 13.)
 

 I am of opinion, that the judgment of the supreme court ought to be affirmed.
 






 [1]
 

 See Gates
 
 v.
 
 Beeeher, 60 N. Y. 518, 527 ; Gilbert
 
 v.
 
 Dennis, 3 Met. 495.
 


 [2]
 

 Se.i
 
 infrit,
 
 32.
 


 [3]
 

 Hall
 
 V.
 
 Gould, 13 N. Y. 127.
 


 [4]
 



 The code has not altered the rule, that the words “ for value received,” import a consideration, as between indorser and indorsee. Benson v. Couchman, 1 Code R. 119, Edmonds, J.