[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 283 
The plaintiff was endorsee of two bills of exchange accepted by the defendant, and declared against the defendant upon the common money counts annexing to the declaration copies of the two bills with a notice that the same would be given in evidence and were the only causes of action relied on by the plaintiff. Upon the trial the question was raised whether the plaintiff could recover in this form, and the courts below having held the defendant liable the question is now brought here upon writ of error. I am satisfied that upon a fair construction of the several statutes relative to suits on bills of exchange and promissory notes, this action can be maintained irrespective of the question as to the rule at common law. The statutes were intended to introduce a system of more easy pleading in this very common class of actions, and as the mischief extended to every sort of action on bills of exchange and promissory notes where special counts were necessary, and as there is no reason for allowing the new mode of pleading in certain cases and disallowing it in others, and especially not in the case of suits against a single party to a bill, in which case, if in any, no inconvenience can arise from allowing the short method of pleading, we ought not, I think, to be astute to exclude the case from the purview of the statute unless we are compelled to do so by its clear language. The act of 1832 (ch. 276), in its first section provided "It shall be lawful for the holder of any bill of exchange or promissory note hereafter to be made to include all the parties in one action." The bills of exchange and promissory notes referred to in the act are those thereafter to be made. The third section read as follows: "The plaintiff in any such action and in all *Page 285 
other actions on bills of exchange and promissory notes, may declare upon the money counts alone; and any such bill or note may be given in evidence under the money counts in all cases where a copy of the bill or note shall have been served with the declaration." This section was modified by ch. 93 of the laws of 1837 as follows: "The plaintiff in any such action may declare on the money counts alone, and every such bill or note may be given in evidence under the money counts in all cases where a copy shall have been served with the declaration," which service might be proved by suggestion on the circuit roll.
The section as it stands thus amended contains in the first place a rule of pleading for actions against all parties to a note or bill. In the next place it contains a rule of evidence which relates not to that new species of action alone, but which is declared concerning every such bill or note and looking back at the first section of the act of 1832, we see that the kind of bills and notes referred to are those made after the making of that act. The section then in reference to all such bills or notes provides that they may be given in evidence under the common money counts. This is all that is necessary to cover the case before us. Where parties were to be joined, who could not be joined at common law, a new rule of declaring was needed, and is provided by the first part of the section. In this case no new mode of declaring was necessary to accomplish the purpose of the statute, which is completely attained by the provision that the bill or note may be given in evidence under the common counts under the limitations which the section specifies. In the case ofMiller v. M'Cagg (4 Hill, 35), some expressions of Bronson, J., who delivered the opinion of the court, seem to conflict with the view before stated, but the point we are considering is not alluded to, and the remarks in question are confined to the statutory action provided by the acts of 1832 and 1837 and not to the rule of evidence contained in the third section. Moreover the question in that case arose upon a motion for an order that one defendant should be allowed to examine his co-defendant on the trial, and it was entirely clear that the *Page 286 
motion must be denied, whatever view might be taken of the question whether the action came within the purview of the statute. Under these circumstances the case can not be considered to decide anything on that point. Butler v. Rawson (1Denio, 105), was an action on a joint and several promissory note signed by two persons, one adding "surety" to his signature. The declaration was the common money counts and a copy of the note had been served. The question mainly considered, is whether at common law a recovery could be had against the surety under the common counts. The other question is dismissed with the observation that the statutes (1832, 1837) only apply to cases where different parties, as makers and endorsers, drawers and acceptors, are joined in one action. This remark was obviously based upon the examination which had been given to the point inMiller v. M'Cagg, where the question did not arise and was not carefully considered. Balcom v. Woodruff (7 Barb. 13) arose upon the same state of facts. The decision is placed upon the authority of Butler v. Rawson, and follows that case. The court re-examine the question as it stood at common law and arrive at the conclusion that the decision was correct on that ground, but do not advert to the question upon the facts.
The view we take of the true construction of the amended third section of the act of 1832 is likewise strengthened by ch. 24 of the laws of 1845, which provides that whenever a suit shall be brought upon a bill or note according to the act of 1832, as amended, and in all other actions upon bills of exchange and promissory notes, an entry of a copy of the bill or note on the copy of pleadings furnished to the court upon the trial, with a suggestion of the service thereof on the defendants, shall beprima facie evidence of such service. Unless the act is to be construed as we have stated, there is no possible purpose for which it could be needful in other actions on bills or notes to prove that a copy of the note had been served with the declaration. This act therefore affords a strong implication in favor of that construction. We think that the judgment below should be affirmed. *Page 287