## WEEKS *vs.* PRYOR.

Where a promissory note, dated January 24, 1853, was made by P., payable to R. or bearer, *with use*, no time of payment being specified, and the same was, within three days after its date, sold by R. to M., by whom it was subsequently transferred to the plaintiff; *Held* that although the note was payable on demand, yet that it was evident, from the fact of its bearing interest, that an immediate demand of payment was not contemplated by the parties; and that consequently it could not be considered as over due, at the time of its transfer by R. so as to render claims against R., then owned and held by the maker, available as a set-off.

*Held also,* that claims against R., purchased by P. subsequent to the making of the note, were not available as a counter-claim, in an action upon the note by a subsequent holder; they not constituting a cause of action against the plaintiff on the record.

THIS was an action on a promissory note, dated 24th January, 1853, made by the defendant, for $69.65, and payable to Zalmon Ruscoe or bearer, *with use*. It was given as

a matter of compromise, settlement and agreement, of all matters of account and difference then outstanding between the defendant and Ruscoe. Within three days after its date it was, with other notes, sold by Ruscoe to Daniel McCoun, by whom it was subsequently transferred to the plaintiff, who paid the full amount thereof. The defendant, on the same day the note was given, but subsequently thereto, purchased and took an assignment of certain outstanding debts due from Ruscoe to different individuals, but it did not appear that McCoun had any knowledge of these debts at the time of the transfer of the note to him. The defendant set up these debts and his ownership of them, in his answer, and claimed to be allowed the amount thereof as a set-off or counter-claim against the plaintiff's demand. The question having been reserved at the trial, was argued by

*E. J. Beach,* for the plaintiff.

*W. H. Onderdonk,* for the defendant.

LOTT, J. It is provided, by the statute authorizing set-offs, (2 *R. S.* 354, § 18, *sub.* 9,) that in an action founded upon a negotiable promissory note, or bill of exchange, which has been assigned to the plaintiff after it became due, a set-off to the amount of the plaintiff's debt may be made, of a demand existing against any person or persons who shall have assigned or transferred such note or bill after it became due, if the demand be such as might have been set off against the assignor while the note or bill belonged to him.

The code has not extended the right of set-off, or other grounds of defense, in such action. (*See* § 112 *of the Code.*)

The note on which this action is brought was payable, "*with use*," to Zalmon Ruscoe or bearer, and was negotiated by him, for value, within three days after its date, to Daniel McCoun, by whom it was transferred to the plaintiff, who paid him the full amount thereof. Although no specific time was

Weeks *v.* Pryor.

fixed for its payment, and therefore it was payable on demand, yet it is evident from the fact of its bearing interest, that an immediate demand of payment was not contemplated by the parties. On the contrary, it is more consistent with the nature of the transaction to assume that it was intended, in the language of Littledale, J., in *Barough* v. *White*, (4 *Barn. & Cres.* 325,) "to be a continuing security," and that a reasonable time should elapse before the maker should be called upon to pay it. This view is sustained by the decision in *Wethey* v. *Andrews*, (3 *Hill*, 582,) where it was held that a note payable on demand with interest, which came to the hands of the plaintiff "some four or five weeks" after its date, was not dishonored at that time, so as to let in a defense, on the ground of a want of consideration. Upon the same principle, the note of the defendant could not be considered as over due at the time of its transfer by Ruscoe; and the claims against him, although then owned and held by the defendant, are not available as a set-off. (*See also Smith* v. *Van Loan*, 16 *Wend.* 659 ; *Hendricks* v. *Judah*, 1 *John.* 319 ; *Sanford* v. *Mickles*, 4 *id.* 224.)

Nor are the matters set up available as a counter-claim ; they did not constitute a cause of action against the plaintiff on the record. This is necessary to support a counter-claim, under section 150 of the code. (*See Spencer* v. *Babcock*, 22 *Barb.* 326.)

Judgment must therefore be entered in favor of the plaintiff, for $95.24, with interest from 21st April, 1858, and costs.

[QUEENS SPECIAL TERM, April 19, 1858. *Lott*, Justice.]