WILLIAM HOGE and others *v.* KILLIAN V. R. LANSING.

A *bona fide* holder of a bill or note, taken with no other knowledge than the paper furnishes, has the right to treat the parties to the same as liable to him, in the same manner and order, and to the same extent, as they appear on the instrument, although, as between themselves, their relations may be different. Knowledge subsequently acquired by the holder does not affect his rights.

L. made his note for $1,693, and loaned the same to A. & H., for their accommodation. A. & H. transferred the note to the plaintiff, who received the same without knowledge of this relation of the parties, and paid full value therefor. The plaintiff afterward, and after learning the real position of the parties, made arrangements with the assignees of A. & H., extending the time for the payment of such note, and authorizing a sale of the assets at less than their value. *Held*, that this afforded no defense to L., the maker of the note; that he was liable to the plaintiff in the order and to the extent indicated by the note itself.

*William L. Learned*, for the appellant.

*Samuel Hand*, for the respondent.

HUNT, J.    This was an action upon a promissory note made by the defendant to the order of Acker & Harris, and by them indorsed, dated May 25, 1857, for $1,693.84. The case was tried before Mr. Justice HARRIS, who found the facts as follows, viz.:

1. That the note set forth in the complaint, and on which this action is brought, was made by the defendant without consideration, and was by him loaned to said Acker & Harris solely for their benefit and accommodation, on the 14th day of July, 1857, and that the defendant received neither value nor security therefor, and that they agreed with the defendant to pay said note themselves. That these facts were unknown to the plaintiffs, who received the note from the payees in good faith, without notice and before maturity, and advanced full value on the faith thereof.

2. That in August, 1857, and on previous occasions, the plaintiffs sold Acker & Harris exchange, and took therefor the notes of Acker & Harris, on the credits of this and other collaterals therewith deposited, and that such notes remain unpaid.

3. That such sale of exchange was made on the credit and security of the note in suit and other notes as collateral.

That the plaintiffs received the defendant's note in good faith in the ordinary course of business, and believing the same to be a business note, and parted with the full value thereof on the faith of such note; and that the note in suit was and has been and is held by the plaintiffs as collateral to said note of Acker & Harris, and not otherwise.

4th. That on the 10th day of September, 1857, said Acker & Harris made the assignment of that day, given in evidence, and the assignee accepted the same.

5. That about six weeks thereafter, the plaintiffs and the other creditors whose names are thereto subscribed, executed and delivered to the assignee the paper (without date) given in evidence, and marked E.

6. That after the execution and delivery of said paper last mentioned, the assignee made sales of part of the assigned property, to the extent of $225,000, on credit of eight months, and took negotiable paper therefor, and that of such paper he sold $75,000 at a greater rate of discount than seven per cent.

7. That the aggregate of debts included in Schedule A, annexed to the assignment, is $150,000; that the assigned property was inventoried at about $550,000.

8. That the defendant has no security for the note in suit, except such as is provided for by the said assignment.

Judgment was rendered for the plaintiffs, for the amount of the note, with interest.

I do not deem it necessary to a decision of this case to pass upon the legal effect of the directions to the assignee, as contained in the paper marked exhibit E, nor to determine its effect in connection with the testimony given on the trial. It may be assumed that they were such as would discharge the defendant, if the note in suit had been made by Acker & Harris, and indorsed by him.

The note was transferred to the plaintiffs in good faith, in the ordinary course of business, the plaintiffs paying full value for the same, and believing the same to be a business note, and that the relation of the parties was, in fact, as they appeared on the paper. It has been repeatedly decided

that the *bona fide* holder of a bill or note, taking the same with no other knowledge than the paper furnishes, has the right, in all cases, to treat the parties thereto as liable to him in the same manner and order and to the same extent as they appear on the instrument. As to him, all the parties stand liable as they appear on the paper, and any knowledge acquired by him at a subsequent period has no effect. Some of the cases give the rule more strongly, but I state it only as necessary to the present case. (*Howard Banking Co.* v. *Ketchum*, 6 Bosw., 281; *Strong* v. *Northampton Banking Co.*, 17 Com. B., 201; 84 Eng. C. L. R.; *Manly* v. *Beycott*, 2 Ellis & Bl., 45, and *n ;* 75 Eng. Com. L. R.; *Harrison* v. *Courtauld*, 3 Bar. & Ad., 20; 23 Eng. C. L. R.) The case last cited was much like the present. A. accepted a bill for the accommodation of B., the drawer, who indorsed it over as security for a debt, and afterward became a bankrupt. The indorsee entered into an agreement with the assignees for purchasing part of the bankrupt's property, and for the arrangement of some claims which he, the indorsee, had upon the estate; and he afterward gave them a release of all demands. He knew at the time of the agreement, but not when he took the bill, that it was accepted for accommodation. It was held that notwithstanding the above release, the acceptor was liable at the suit of the indorsee.

Judgment should be affirmed.