WATSON *vs.* SHUTTLEWORTH and others.

One who indorses commercial paper before maturity, for the accommodation of the payees, without any knowledge of the fact that the note was executed by the makers for the benefit of the payees, upon the faith of a promise by the latter to send the makers paper sufficient to pay the same, and that such promise has been only partially performed, may, after having been compelled to pay the note, recover the amount of the makers.

A recovery in such an action will not be defeated by the fact that the makers have executed to the plaintiff a voluntary assignment of their property in trust for their creditors, in which the plaintiff is named as a preferred creditor; where it appears that no dividend has been made under such assignment, nor any application made of money realized from the assigned property, upon the plaintiff's claim.

The mere acceptance of such a trust, by the assignee, will not have the effect to suspend his remedy as indorser, against the makers.

The parties to commercial paper are liable in the order in which their names appear upon the same. Hence if a second indorser is compelled to pay the amount, he may recover the same in an action against the makers.

THIS is an appeal by the defendants from a judgment rendered upon the report of a referee, in favor of the plaintiff, for $586.41, on the 10th day of July, 1866. The facts appear in the following opinion:

*N. C. Moak,* for the appellants.

*N. P. Hinman,* for the respondent.

*By the Court*, INGALLS, J.    On the first day of May, 1862, the defendants executed a promissory note of which the following is a copy :

"$300.                    New York, May 1, 1866.

Three months after date, we promise to pay to the order of Messrs. R. D. & J. W. Chase, three hundred dollars, at the Park Bank.   Value received.

SHUTTLEWORTH & Co."

The note was delivered to the payees, who indorsed the same, and subsequently the plaintiff in this action indorsed the same, and the note was discounted for the benefit of the Chases, the payees therein named, by Charles Goodyear, banker, at the Schoharie County Bank.   The note not being paid at maturity, was protested for non-payment, and an action was commenced by Goodyear to collect the same, and a judgment was obtained against said Watson, the plaintiff in this action, who was compelled to pay the same.   The present action was instituted by Watson to recover of the defendants, who were the makers of the note, the money so paid by the plaintiff as such indorser.   It appears that the defendants were induced to execute the note for the benefit of the payees, under a promise from them that they would send to the makers, paper, in May, June and July, 1862, sufficient to pay the said note, and in the month of June paper of the value of $136.20 was sent to and received by the said Shuttleworth & Co. but no more was received.   On the 14th June, 1862, the Chases made a voluntary assignment for the benefit of their creditors to Watson, the plaintiff in this action, who was therein named as a preferred creditor.   At the time this action was tried, no dividend had been made under the assignment, nor had there been any application made of money, realized from the assigned property, upon the indebtedness in question. The referee finds that the plaintiff was an accommodation

indorser and received no consideration for such indorsement, and that at the time he so indorsed the said note, he had no knowledge of the special agreement between the defendants and the Chases in relation to the consideration for which the note was made. Upon this state of facts we are of opinion that the referee decided correctly in holding that the plaintiff was entitled to recover of the defendants, as the makers of the note, the money which he was compelled to pay as such indorser. The note was commercial paper, indorsed by the plaintiff before its maturity, and without any knowledge of the arrangement between the makers and payees, and, as such indorser he was compelled to pay the same. We are unable to perceive upon what principle the parties to the paper should not be held liable in the order their names appear upon the same. This is a well established and recognized rule in regard to commercial paper, which should not be departed from, without a reason which is clear and controlling. The plaintiff had a right to assume that the makers of the note would be primarily liable, certainly as to himself, who was merely an indorser, without any compensation therefor, and that in case he was compelled to pay the same, he would have recourse to the defendants as such makers. (*Bradford* v. *Corey,* 5 *Barb.* 461. *Parsons' Mercantile Law,* p. 93. *Hoge* v. *Lansing,* 35 *N. Y. Rep.* 136. *Davis* v. *McCready,* 17 *id.* 230. *Car* v. *Lewis,* 20 *id.* 138.)

The execution of the assignment by the Chases to the plaintiff could not, in my judgment, have the effect to defeat the plaintiff's recovery. It did not amount to a payment or satisfaction of the plaintiff's cause of action for the money so paid by him. No portion of the avails of the assigned property had been applied upon the indebtedness, nor had it even been ascertained what amount would be realized to be thus applied. It is quite clear that the mere acceptance of the trust by the plaintiff did not have the effect to suspend the plaintiff's remedy against the defend-

Watson *v.* Shuttleworth.

ants. The plaintiff was at liberty but not bound to wait until the assigned property was disposed of and converted into money, *before he at least obtained a judgment against the defendants.* It would be a harsh rule, indeed, to compel a party to desist from putting a claim in judgment against a third party, thereby creating a lien or security, simply because the owner of such claim had become an assignee and a preferred creditor under an assignment. A court of equity will, in some cases, interfere and direct in regard to the collection or enforcement of a judgment. I have examined the cases cited by the appellants' counsel, bearing upon this question, and am satisfied that they do not establish a defense to this action. The defendants have received, and so far as the facts disclose, retain $136.20, the avails of the paper sent by the Chases expressly to apply upon the note in question. There was no fraud established on the part of the Chases, based upon their representations to the defendants, which could affect the rights of the plaintiff against the defendants.

We are satisfied that no error was committed by the referee which should reverse this judgment, and therefore conclude that the same should be affirmed, with costs.

[ALBANY GENERAL TERM, March 1, 1869. *Miller, Ingalls* and *Hogeboom,* Justices.]