“ McAdam, J.
The plaintiff, by discount, in the usual course of business, became the bona fide holder of the note before maturity, without notice that it was accommodation paper, and had the right to deal with the payees thereof as if it had been made for a full consideration. Hoge v. Lansing, 35 N. Y. 136 ; Central Bk. v. Hammett, 50 Ib. 160; Union Bk. v. Crine, 33 Fed. R. 816. Upon this hypothesis the agreement made between the payees and the" plaintiff does not affect the right of the latter to prosecute the makers. The agreement (which is pleaded as an accord and satisfaction) recites that in a certain attachment suit pending in the Federal Court at Huntsville, Alabama, wherein the plaintiff herein is plaintiff and the North Alabama Lumber and Manufacturing Company is defendant, there shall be a judgment entered for $17,191.78 damages (including, the note in suit), that the judgment shall not now be forced, but that three persons named as assignees in an assignment made by the Lumber Company shall act as receivers, with power to sell the attached property. That said persons shall also act as receivers in respect to a $3,500 judgmént between the same parties in the Chancery Court of Marion county, Tennessee. That, although there is actually due to the plaintiff $27,589.04, that amount is to be considered discharged as soon as the judgments aggregating $20,691.78 are paid. It is also agreed that the plaintiff shall hold whatever bills receivable it has in its possession and endeavor to collect the same from the parties by whom they were made, crediting the proceeds on the $20,691.78 aforesaid. The plaintiff has thus far received $5,000 and has the right, under the agreement, to continue to enforce whatever obligations it *551 holds until the entire $20,691.78 is realized. The transaction stated does not constitute an accord and satisfaction of the plaintiff’s demand, nor does it in any way prejudice the defendants, and consequently does not impair the plaintiff’s remedies. The doctrine of surety-ship sometimes applied to the makers of accomodation notes, transferred by the payees to third persons, is inapplicable here, because the plaintiff, the holder of the instrument, had no knowledge of any facts creating the relation of principal and surety, and acted, as it lawfully might, on the assumption that the note was business paper, and that the parties to it held that relation to each other which the form of the contract disclosed (vide authorities before cited.) The defendants did not plead the receipt by the plaintiff from the trustees of the $5,000 on account, nor claim any pro rata benefit from it, nor do they claim ‘ payment ’ (in the technical sense) of the obligation sued upon, either in the whole or in part, for the term ‘ payment ’ in its legal import ‘ means the satisfaction of a debt by money, not by an exchange or compromise, or an accord and satisfaction.’ Manice v. Hudson R. R. R. Co., 3 Duer, 441 ; Morley v. Colverhill, 7 Mees. & W. 171. The defendants are not, therefore, in a position to invoke the application of the equitable doctrine, Orleans Co. Nat. Bank v. Moore, 112 N. Y. 543, that, where a creditor receives money on account of his debtor, he may be compelled to apply it ratably to all claims against the debtor, as well as to those upon which other persons are liable. Upon the pleadings and proofs the plaintiff is entitled to judgment for $1,567.23, the amount claimed, and interest.”
Kelly & MacRae, attorneys, and William F. MacRae of counsel, for appellants.
George W. Van Slyck, attorney and of counsel, for respondent.
*552 •Per Curiam.
Judgment affirmed, with costs, on the opinion of the court below.